UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON SUBSEA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. H-03-1842 |
| OCEANOGRAFIA, S.A. DE C.V. | § | |
| and | § | |
| UNITEED STATES FIDELITY AND | § | |
| GUARANTY INSURANCE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's motion to amend its Complaint and Defendants' motion to lift stay, confirm arbitration ruling, and enter final judgment. After considering the parties' filings and oral arguments and the applicable law, the Court finds that Plaintiff's motion, Docket No. 50, should be and hereby is **DENIED** and that Defendants' motion, Docket No. 55, should be and hereby is **GRANTED**.

## I.     BACKGROUND

This suit, in which Plaintiff seeks to recover damages for breach of contract, was commenced in May 2003, with Halliburton Subsea as the sole named Plaintiff.  In January 2004, Defendant Oceanografia filed its Answer, in which it challenged Plaintiff's standing to bring suit.  On March 22, 2005, this Court ordered the parties to arbitration, as required by the terms of the contracts at issue.  Oceanografia again raised the standing issue before the arbitration panel at the panel's first meeting, on June 10, 2005, arguing that Halliburton Subsea was not the real party in interest.  In response, Halliburton Subsea, a trade name for a group of companies controlled by Halliburton, agreed to

1

amend its Complaint to identify the real party to the contracts.   On July 5, 2005, Halliburton amended the Complaint, substituting Baroid International Trading Company, LLC, d/b/a Halliburton Subsea ("BITC"), as Plaintiff.

In February 2006, Defendants deposed BITC's corporate representative, who testified that he did not know which of the companies operating as Halliburton Subsea owned the rights to pursue this litigation.   Defendants then moved for summary judgment before the arbitration panel on the ground that Plaintiff lacked standing.   Plaintiff requested leave to amend the Complaint once more, but the panel refused to grant such leave and instead, on March 27, 2005, granted Defendants' motion and dismissed Plaintiff's claims without prejudice.   On April 28, 2006, in response to a motion by Defendants, the panel altered that judgment to a dismissal with prejudice.   Defendants now move for the entry of final judgment in this Court.   Plaintiff requests leave to amend the Complaint to reflect the identity of the real party in interest, which is assertedly Kellogg, Brown & Root, LLC.

The Court's power to overturn an arbitration award is limited by statute; the Court may vacate an award only where:

> (1) the award was the result of corruption of fraud;
> (2) an arbitrator was partial or corrupt;
> (3) an arbitrator improperly refused to postpone a hearing or to hear pertinent evidence or engaged in other misconduct; or
> (4) an arbitrator exceeded his or her powers or exercised them so poorly as to deprive the parties of a mutual, final, and definite award.

9 U.S.C. § 10(a).   Here, Plaintiff itself raised the question of amendment before the arbitration panel, requesting leave to amend in that forum.   Moreover, Plaintiff has not shown that the panel's refusal to permit amendment resulted from corruption, fraud,

2

partiality, misconduct, or overreaching by the panel.  Accordingly, the Court lacks the power to vacate the award.[1]

Even were the Court to conclude that it possessed the ability to grant Plaintiff leave to amend, the circumstances of this case militate against such an outcome.  FED. R. CIV. P. 17(a) provides that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Here, the standing issue was first raised more than two years ago.  It was urged again, before the panel, nearly one year ago, at which time Plaintiff agreed to name the real party in interest.  Soon thereafter, Plaintiff asserted that BITC was that party.  Now, on the eve of the third anniversary of the commencement of this case, Plaintiff seeks to start anew with yet another putative party in interest.  While this Court is generally reluctant to resolve high-stakes cases on technical, procedural grounds, it cannot but conclude that a reasonable time has long since elapsed.[2]  Accordingly, Plaintiff's motion to amend its Complaint is hereby **DENIED,** Defendants' motion to lift the stay and

---

[1] Plaintiff insists that the Court need only confirm the arbitrator's award of dismissal with prejudice as to BITC and not as to any other potential Plaintiff.  Because BITC is the only Plaintiff currently before the Court in this suit, Plaintiff's argument is correct but unhelpful to Plaintiff's cause.  By confirming the dismissal with prejudice as to BITC, the Court resolves this suit.  It does not, of course, preclude a future suit by a different Plaintiff with standing and ability to state claims against these Defendants.

[2] Plaintiff has argued that the complexities of Halliburton's corporate structure rendered it impossible to determine any earlier the identity of the holder of the contract rights at issue here.  The Court does not find this contention compelling, in light of the fact that Plaintiff has refused to produce any discovery concerning its corporate structure.  Such discovery might have enabled Defendants to aid Plaintiff in making that determination.  Moreover, as Defendants have pointed out, the purported party in interest is listed by name in the very contracts that give rise to this case.  Finally, it must be noted that, when large multi-national and multi-tiered companies conduct their activities through many different business units, they do so – quite lawfully – to secure the advantages offered by such structuring.  It is correspondingly neither unfair nor even surprising that such complicated structures sometimes work to a company's disadvantage.

3

confirm the arbitration ruling and for entry of final judgment is hereby **GRANTED**, and

Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**.

      **SIGNED** at Houston, Texas, on this the 24th day of May, 2006.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**